IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. ALLISON, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 3:11-mc-07-WDS-DGW |
| STATE OF ILLINOIS, a state in the United States of America; CRAWFORD COUNTY, IL, a county in the State of Illinois; THOMAS R. WISEMAN, individually and in his official capacity as Crawford County, IL State's Attorney; et. al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This action comes before the Court on the Notice of Removal filed February 4, 2011, by Michael D. Allison, a plaintiff acting *pro se*. Plaintiff brings this action asserting that the Court has jurisdiction over his state-court criminal action. This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge William D. Stiehl pursuant to 28 U.S.C. §636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on threshold review pursuant to 18 U.S.C. §1446(a) and § 1446(c)(1) to determine whether the Court has jurisdiction to preside over the matter. For the reasons set forth below, it is **RECOMMENDED** this Court **FIND** that removal was improper and summarily **REMAND** the case back to state court.

### FINDINGS OF FACT

Plaintiff Michael D. Allison has been charged in Crawford County, Illinois, with five counts of eavesdropping in violation of 720 Ill. Comp. Stat. 5/14-2(a)(1) (hereinafter "Illinois

Eavesdropping Statute") and arrested on June 9, 2009 (Doc. 1-2, pp. 1, 3, 156). Judge Mark Shaner of the Crawford County Court recused himself on December 1, 2010 (Doc. 1-2, p. 160). Plaintiff's preliminary hearing was held in Illinois state court on January 6, 2011; Plaintiff was arraigned Illinois state court on January 27, 2011 (Doc. 1-2, p. 161). Plaintiff filed this action on February 4, 2011, to remove his criminal prosecution from state to federal court. As grounds for removal, Plaintiff alleges the Crawford County Circuit Court is biased and therefore Plaintiff cannot receive a fair trial (Doc. 1, p. 6). He further alleges the Crawford County State's Attorney, Thomas R. Wiseman, is biased and has no reasonable expectation of obtaining a conviction and therefore the prosecution is intended to harass Plaintiff (Doc. 1, pp. 4-5). Finally, Plaintiff alleges the Illinois Eavesdropping Act is patently unconstitutional (Doc. 1, p. 5).

## CONCLUSIONS OF LAW

A district court is to independently examine the notice of removal and summarily remand the case if the removal was improper. 28 U.S.C. §1446(c)(4). The party seeking removal has the burden of establishing federal jurisdiction. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Courts interpret the removal statute narrowly and any doubt regarding jurisdiction is resolved in favor of the states. *Id.*

Although Plaintiff cites 28 U.S.C. §§ 1446(a) and (c)(1)-(5) as the basis for the removal of the state criminal action to federal court, the Court notes that section 1446 provides only procedures for removal, *see Phoenix Container v. Sokoloff*, 235 F.3d 352, 354 (7th Cir. 2000), and does not provide an independent basis for removal jurisdiction. *See Massachusetts v. Azubuko*, 616 F.Supp.2d 174, 176 (D. Mass. 2009). Instead, grounds for removal are found in the general removal statute, 28 U.S.C. §1441, and the specific removal provisions contained in §1442 &

2

§1443. *Id.* The general removal statute permits removal of *civil actions* brought in state court over which the district court has original jurisdiction. 28 U.S.C. §1441. Plaintiff is attempting to remove a criminal prosecution and therefore the provisions for civil removal are inapplicable.

Furthermore, the Court has no jurisdictional basis for removal under either 28 U.S.C. §1442 or 1443. Section 1442 applies to state-court action brought against federal officials or agencies. *See Watson v. Phillip Morris Co.*, 551 U.S. 142, 150-51 (2007). Section 1443 permits removal of civil actions or criminal actions brought in state court when the defendant "is denied or cannot enforce" in the state court "a right under any law providing for the equal rights of citizens of the United States . . . ." The Supreme Court has noted Congress intended to protect only those specific civil rights stated in terms of racial equality. *Georgia v. Rachel*, 384 U.S. 780, 786, 792 (1966). Neither of these specific provisions for removal applies. The action does not involve either a federal official or a civil rights challenge.

Finally, it is a well-settled rule that a federal court has no basis for jurisdiction where the only federal question posed is raised by a defense argument. *Doe*, 985 F.3d at 911. Plaintiff here raises the unconstitutionality of the statute as a defense.

In summary, Plaintiff has established no basis for the Court's jurisdiction over this matter. The undersigned therefore recommends that the case be remanded to state court. *See generally Maurietta v. State of Arizona*, 395 F.3d 210 (9th Cir. 1968).

Moreover, even if the Plaintiff had established an independent basis for jurisdiction, the undersigned recommends that the Court abstain from exercising jurisdiction pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 42 (1971). There is a longstanding policy against federal courts interfering in state criminal prosecutions. *Younger*, 401 U.S. at 42;

*Arkebauer v. Kiley*, 985 F.2d 1351, 1357 (7th Cir. 1993). A federal court should decline to exercise jurisdiction "where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them." *SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010).

According to the Seventh Circuit, *Younger* established that a person who is being prosecuted by a state for violating its laws is not allowed to "derail" the prosecution by bringing a suit in federal court claiming the state statute is unconstitutional. *Hoover v. Wagner*, 47 F.3d 845, 848 (7th Cir. 1995). The proper avenue for relief is to "plead the unconstitutionality of the statute as a defense in the state court proceeding." *Id.* A district court should consider four factors when determining whether to abstain under *Younger*: 1) whether the ongoing state proceedings are judicial in nature, 2) implicate important state interests, 3) provide an adequate opportunity for review of constitutional claims, and 4) are free from extraordinary circumstances. *FreeEats.com Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007).

Here, there is no dispute the first three factors for abstention under *Younger* are satisfied. First, the state proceedings are judicial in nature as Illinois filed its charges against Plaintiff in the Crawford County Circuit Court for violating the Illinois Eavesdropping Act (Doc. 1-2, 1). Second, the charges clearly implicate an important state interest; specifically, Illinois courts have held the purpose of the eavesdropping statute is to ensure that all eavesdropping is subject to judicial supervision and to prevent unwarranted intrusions into an individual's privacy. *People v. Nunez*, 756 N.E.2d 941 (Ill. App. Ct. 2001). Third, Illinois state court provides an adequate opportunity for review of Plaintiff's constitutional claims. *FreeEats.com, Inc.*, 502 F.3d at 596 (holding state court offered the same remedies as federal district court for plaintiff's claims the

statute was preempted by federal law and unconstitutional); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy in the absence of unambiguous authority to the contrary.").

Plaintiff contends the Court is precluded from abstaining on the basis of the fourth factor, extraordinary circumstances. Courts have found this exception applies when there is a showing of "bad faith" or "harassment" by state officials responsible for the prosecution, where the state law to be applied in the criminal proceeding is "flagrantly and patently violative of express constitutional prohibitions," and other instances "where the necessary irreparable injury can be shown even in the absence of the usual prerequisite of bad faith and harassment." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (quoting *Younger*, 401 U.S. at 46, 53). The exceptions provide a very narrow gate for federal intervention in pending state criminal proceedings. *Arkebauer v. Kiley,* 985 F.2d 1351, 1358 (7th Cir. 1993). The party claiming extraordinary circumstances has the burden of demonstrating their existence and the district court should make the determination on a case-by-case basis. *FreeEats.com, Inc.*, 502 F.3d at 596.

Plaintiff alleges he cannot receive a fair hearing in Illinois state court, in part because a Crawford County judge and the brother of a Crawford County judge are named as complainants in his state criminal prosecution, and thus are too involved in the case for him to receive a fair hearing in Crawford County Court (Doc. 1, 6). The Court notes, however, that Plaintiff's case has already been transferred from the Crawford County Court to Judge David Frankland at the Edwards County Court, (Doc. 1-2, 76), and Plaintiff has made no specific allegations regarding Judge Frankland's impartiality other than to note he is a colleague of the Crawford County judges.

Following the reasoning of *Kugler*, Plaintiff's allegations are not sufficient to conclude that the objectivity of the entire Illinois court system is impaired and that no trial judge is capable of impartially deciding his case simply because of the alleged involvement a Second Circuit Judge and his brother. Therefore, Plaintiff has failed to demonstrate he cannot receive a fair hearing in the state court system.

Plaintiff further contends that the state-court prosecution is in bad faith and the Illinois Eavesdropping Statute is patently unconstitutional. The plaintiff must allege *specific facts* to support an inference of bad faith. *Arkebauer,* 985 F.2d at 1359. Bad faith in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a conviction. *Kugler*, 421 U.S. at 126 n.6. Patent unconstitutionality is one example of an extraordinary circumstance. *Younger*, 401 U.S. at 53-54. The possible unconstitutionality of a statute "on its face," however, does not in itself justify an injunction against good-faith attempts to enforce it. *Id.* Plaintiff points to other allegedly harassing prosecutions under the statute. Simply stating that similar cases have been prosecuted because of harassment is a conclusory allegation that does not support an inference that Plaintiff's prosecution is in bad faith, intended to harass, and without a reasonable expectation of obtaining a conviction. Similarly, Plaintiff has not alleged any specific facts that support an inference the Illinois Eavesdropping Statute is patently unconstitutional. Allegations that a statute is "ambiguous" and "vague" are conclusory and do not support an inference of patent unconstitutionality. Further, the possible unconstitutionality of a statute "on its face" does not in itself justify a federal court from enjoining the state's good faith attempts to enforce it. Therefore, considering the narrowness of the exceptions and the absence of specific facts, Plaintiff has failed to demonstrate his criminal prosecution is in bad faith or the

Illinois Eavesdropping Statute is patently unconstitutional. Accordingly, the four factors in favor of abstention have been satisfied, and this Court should abstain from exercising jurisdiction over Plaintiff's constitutional claims.

## Conclusion

Based on all the foregoing, it is **RECOMMENDED** this Court **FIND** that removal was improper and summarily **REMAND** the case back to state court. Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 22, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**